UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re                                                          :
                                                            :      Chapter 11
Gates Community Chapel of Rochester, Inc.  :
d/b/a Freedom Village USA                  :      Case No. 18-20169
d/b/a Operation Mercy                      :
                                         Debtor.    :
---------------------------------------------------------- x

**OBJECTION OF THE UNITED STATES TRUSTEE
TO THE MOTION AUTHORIZING
MAINTENANCE OF EXISTING FDIC INSURED BANK ACCOUNTS**

TO:    THE HONORABLE PAUL R. WARREN,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby respectfully files his Objection (the "Objection") to the entry of an order approving the motion authorizing the debtor to maintain existing bank accounts (the "Motion"). In support of the Objection, the United States Trustee states as follows:

## I. SUMMARY STATEMENT

The United States Trustee objects to the Motion because it does not comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the United States Trustee Guidelines. Specifically, the United States Trustee raises, among others, the following issues:

- Debtors are required to open post-petition bank accounts designated as "debtor-in-possession" where the bank has agreed to pledge collateral sufficient to cover funds that exceed the FDIC insured limits and to allow the United States Trustee access to view the account transactions.

- It appears that the debtor's accounts will exceed the FDIC limits in light of real estate being sold.

- Neither Community Bank, N.A., nor Elmira Savings Bank are United States Trustee Authorized Depositories. Moreover, voided, original checks provided from these institutions are only in the name of the d/b/a when they should include the d/b/a and the name of the debtor. A list of approved depositories is available on the United States Trustee's website http://www.justice.gov/ust/r02/index.htm

- This is the second bankruptcy filing for this debtor. The previous case had an extensive and tortured history and based on the allegations therein, clear oversight is therefore required.

As set forth in detail below, the Motion should not be approved.

## II. BACKGROUND

**A.　General**

1.　On February 23, 2018 (the "Petition Date"), Gates Community Chapel of Rochester, Inc. (the "Debtor") filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code"). [ECF Docket Entry No. 1.].

2.　On March 23, 2018, the Debtor filed a motion to authorize the debtor to use existing bank accounts at Community Bank, N.A., and Elmira Savings Bank as its debtor-in-possession accounts [ECF Docket Entry No. 35].

3.　The Debtor currently is managing its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

**B.　Debtor-in-Possession Bank Accounts**

4.　Community Bank, N.A. and Elmira Savings Bank are not United States Trustee approved depositories. Therefore, neither has signed an agreement with the United States Trustee agreeing to pledge collateral sufficient to protect funds should the debtor's accounts exceed the FDIC insurance limits nor have they agreed to allow the United States Trustee access to view the debtor's transactions.

5. The Motion states that based upon the debtor's anticipated cash flow, it is not expected that the balance in the bank accounts with Community Bank, N.A. or Elmira Savings Bank will exceed the FDIC insurable limits. While the bank balances may not have exceeded the FDIC limits in recent memory, with the anticipated sales of valuable real estate (see Application to Employ Galvin Realty Group, Inc. as Real Estate Broker, ECF Docket No. 32, pending before this Court), there is a distinct likelihood that funds from those transactions will exceed the FDIC limits and need additional collateralization to protect creditors and the estate.

6. Moreover, voided, original checks for two accounts at Elmira Savings Bank and one account at Community Bank, N.A., were provided to the United States Trustee's Office. All three accounts are labeled with one of the debtor's d/b/a names instead of the actual debtor's name.

### III. DISCUSSION

7. Title 28, § 586(a)(3) of the United States Code directs the United States Trustee to supervise the administration of all chapter 11 cases. To comply with this charge, the United States Trustee for Region 2 has established the Operating Guidelines and Reporting Requirements for Chapter 11 debtors and trustees ("Operating Guidelines").[1]

8. The Operating Guidelines provide that all pre-petition bank accounts controlled by the debtor must be closed immediately upon the filing of the petition[2] and new debtor-in-possession accounts opened at a United States Trustee Authorized Depository.

---

[1] https://www.justice.gov/ust-regions-r02/region-2-chapter-11-4

[2] This provision provides a clear delineation between pre-petition activity and post-petition activity.

9. The agreement approved depositories sign states that the bank will (a) pledge collateral sufficient to protect funds should the debtor's accounts exceed the FDIC insurance limits and (b) allow the United States Trustee access to view the debtor's transactions.

10. Without funds being deposited in a depository that has signed the agreement with the United States Trustee, there is no protection for funds on deposit in excess of FDIC limits. Based on the debtor's testimony at the § 341 meeting of creditors and the information contained in the debtor's application to employ a realtor, it appears the debtor plans to sell valuable real estate and, as such, realize significant funds that will need to be deposited until there is court authority through a sale motion and/or plan confirmation to disburse the funds.

11. The Operating Guidelines also provide that checks for post-petition bank accounts must bear the case name, the case number, the words "Debtor-In-Possession," and the type of account (operating, payroll or tax) imprinted on the face of each check. A rubber stamp is insufficient to guarantee all checks have this information; it must be pre-printed by the bank when the checks are ordered.

12. In light of the previous case filing (90-21729) and allegations throughout, stronger oversight might be required in the instant case.

13. At a minimum, if this Court waives the requirement regarding a debtor-in-possession account, any bank account held or opened by the debtor should comply with the above requirements regarding allowing the United States Trustee to view transactions, the debtor being required to notify counsel and the United States Trustee if the balance exceeds $200,000 at any point, and requiring checks be pre-printed with the correct debtor-in-possession identification.

## IV.  CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that the Court deny the relief requested unless provisions are granted that provide the protections incorporated in the approved depository agreement, including 1) the debtor being required to notify counsel and the United States Trustee if the balance exceeds $200,000 at any point during the pendency of the chapter 11 case, 2) access by the United States Trustee to view transactions, 3) pre-printing the debtor-in-possession identifier on all checks and 4) such other and further relief as the Court may deem just and proper.

Dated:  Rochester, New York
       April 2, 2018

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:  */s/Kathleen D. Schmitt*
     Kathleen D. Schmitt, Esq.
     Assistant United States Trustee
     Office of the United States Trustee
     100 State Street, Room 6090
     Rochester, NY 14614
     Telephone:  (585) 263-5706