UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE                                            Chapter 11

    Gates Community Chapel of Rochester, Inc.,    Case No. 18-20169-PRW

    Debtor.

## MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY

TO:    THE HONORABLE PAUL R. WARREN
        UNITED STATES BANKRUPTCY JUDGE:

Lawrence T. O'Reilly and Thomas J. O'Reilly (collectively, the "O'Reillys" or the "Applicants"), by and through their attorneys, Underberg & Kessler LLP, respectfully show and allege that:

1. The O'Reillys are individuals and are and were at all relevant times mentioned herein residents of Friendsville, Pennsylvania.

2. On February 23, 2018, Gates Community Chapel of Rochester, Inc. (hereinafter the "Debtor") filed for protection under Chapter 11 of the United States Bankruptcy Code (the "Code") in this Court.

3. <u>State Court Action</u>.  Prior to the initiation of this case, the O'Reillys filed a Complaint in the Supreme Court for the State of New York, County of Yates, Index No. 2017-0075, captioned *LAWRENCE T. O'REILLY AND THOMAS J. O'REILLY V. GATES COMMUNITY CHAPEL OF ROCHESTER, INC. D/B/A FREEDOM VILLAGE, INC. ET AL* (the "State Court Action"). A copy of the O'Reilly's Complaint commencing the State Court Action (including all exhibits) is annexed hereto as **Exhibit A** (the "Complaint").

4. The State Court Action Complaint names four defendants and seeks a judgment of foreclosure and sale based on a certain Note and Mortgage dated December 11, 2006 given by the Debtor to the O'Reillys. A copy of Note and the Mortgage with recording information is annexed to the Complaint in the State Court Action. See Exhibit A.

5. <u>Note and Mortgage</u>. Pursuant to the Note, Debtor promised to pay the O'Reillys the principal amount of Five Hundred Six Thousand Seven Hundred Sixty Dollars and No Cents ($506,760.00). The Note is secured by a mortgage on real property situate in the Town of Starkey, County of Yates, State of New York and commonly known as 638 Rock Stream Road, (the "Mortgaged Premises"). The Note further evidences the terms of repayment. The Note and Mortgage were recorded in the Yates County Clerk's Office on the 11th day of December, 2006 in Liber 662 of Mortgages at page 25.

6. In the Note, the Debtor acknowledges it is indebted to the O'Reillys.

7. In the Complaint, the O'Reillys assert there remains an unpaid debt under the Note and that Debtor has failed to make a payment against the Note since July 2015.

8. <u>Judgment of Foreclosure & Sale</u>. On January 9, 2018, New York State Supreme Court for Yates County (Hon. William F. Kocher) issued a Judgment of Foreclosure and Sale, which judgment ratifies and confirms the referee's report, which report found the sum of $440,911.37 due and owing to the O'Reillys as of October 17, 2017. A copy of the 1/9/18 Judgment of Foreclosure and Sale is annexed hereto as **Exhibit B**.

9. The 1/9/18 Judgment of Foreclosure and Sale orders that the Mortgaged Premises be sold at public action and further orders, adjudges and decrees, among other things, that all defendants in the State Court Action, including Debtor, are barred and foreclosed of all right, claim, title and equity of redemption in the Mortgage Premises.

10. <u>Foreclosure Sale -- February 23, 2018 at 11 A.M</u>. The foreclosure sale was scheduled by the foreclosure referee for February 23, 2018 at 11:00 A.M. at the Yates County Courthouse in Penn Yan (the "Scheduled Foreclosure Sale").

11. Notice of the Scheduled Foreclosure Sale was published in *The Chronicle Express* (pursuant to the Judgment of Foreclosure and Sale) and Debtor was provided notice of the Scheduled Foreclosure Sale.

12. <u>Bankruptcy Case filing -- February 23, 2018 at 8:36 A.M</u>. This chapter 11 case was filed on February 23, 2018 at 8:36 A.M.

13. The Scheduled Foreclosure Sale was postponed. As of the date of this motion, the amount of the debt due and owing to the O'Reillys under the Note and Mortgage exceeds $453,814.91.

14. <u>Debtor admits it has not paid against the O'Reillys' Note</u>. At the 341 Meeting of Creditors in this case, which was conducted on March 28, 2018, Mr. Fletcher Brothers, an officer of the Debtor, acknowledged that the Debtor has not made a payment against the Note held by the O'Reillys for years.

15. <u>Debtor admits it won't pay against the O'Reillys-held Note</u>. Mr. Brothers also stated on the record at the 341 Meeting of Creditors that Debtor will not make future payments on the Note & Mortgage held by the O'Reillys.

16. Upon information and belief, the Debtor has allowed the policy of insurance on the Mortgaged Premises to lapse.

17. It is respectfully submitted that the O'Reillys lack adequate protection of their interests in the Mortgaged Premises and that an order granting the Applicants relief from the stay is appropriate under Code Section 362(d)(1).

Case 2-18-20169-PRW    Doc 61    Filed 04/18/18    Entered 04/18/18 17:15:39    Desc Main Document    Page 3 of 6

18. <u>Subject Property is not critical to the Debtor</u>. The Mortgaged Premises -- which has a street address of 638 Rock Stream Road in Rock Stream, New York -- is located more than four and a half (4.5) miles from the Debtor's Freedom Village site, the Debtor's primary campus. The Mortgage Premises is not critical to and does not support the Debtor's operation of the Freedom Village academy or its related programs.

19. The Applicants submit that:

   a. the timing of the Debtor's filing — which occurred fewer than three (3) hours before the noticed Foreclosure Sale on the day of the scheduled Foreclosure Sale — is highly suspect and appears to be part of a scheme designed to delay the O'Reillys;

   b. the Debtor has, in its Summary of Assets and Liabilities filing of April 11, 2018 (Dkt. No. 54) disclosed assets with a value of $9.814 million which is more than three (3) times the total amount of listed liabilities of $2.940 million and, as such, whether the filing for reorganization by this Debtor was in good faith is questionable; and

   c. there are multiple bankruptcy filings; this case is the Debtors' second bankruptcy case since the date on which the subject Note and Mortgage were given.

20. Here, an order granting relief from the stay to permit Applicants to proceed with the State Court Action is also warranted or appropriate under Code Section 362(d)(4).

21. For the reasons set forth herein, the O'Reillys are not adequately protected. The Debtor has admitted it has no intention of making payments on the O'Reilly debt. It has admitted this on the record at the 341 hearing. In acknowledging it made no payments for years and has no

intention of making payments to the O'Reillys in the future, Debtor essentially concedes the subject Mortgaged Premises is neither important nor critical to the Debtor's reorganization.

22. <u>Notice</u>. Notice of this motion is being provided to counsel for the Debtor and the other known parties in interest entitled to receive notice in connection with this case.

23. <u>No Prior Application</u>. No previous application for the relief herein sought has been made.

24. A copy of a proposed Order granting the relief requested in this motion is annexed hereto and made a part hereof as **<u>Exhibit C</u>**.

## CONCLUSION

**WHEREFORE**, based on all the foregoing, the O'Reillys respectfully request the Court: (i) grant this Motion in its entirety; (ii) enter an order substantially in the form annexed hereto permitting the O'Reillys to continue the State Court Action against the Debtor, with such order to be effective immediately upon the entry of the same; and (iii) grant all such other and further relief which the Court deems just and proper.

Dated: April 18, 2018
       Rochester, New York                  UNDERBERG & KESSLER LLP

                                            By: _____
                                                David M. Tang, Esq.
                                                *Attorneys for Lawrence T. O'Reilly*
                                                   *and Thomas J. O'Reilly*
                                                300 Bausch & Lomb Place
                                                Rochester, New York 14604
                                                Tel: (585) 258-2800
                                                Fax: (585) 258-2821
                                                Email: dtang@underbergkessler.com

TO: Mike Krueger, Esq.
Dibble &Miller
55 Canterbury Road
Rochester, New York 14607
Tel: 585 271-1500
Fax: 585 271-0118
Email: mjk@dibblelaw.com